UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIRGINIA HEISKILL,

    Plaintiff,

v.

Civil Action No. 3:08CV672

LEGAL MEDIATION PRACTICE, INC.,
and
JOHN DOE, a/k/a "Darrell Green,"

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer alleging damages and declaratory relief for the debt collector Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., whose consumer protections are by statute "in addition to the requirements and regulations of the (FDCPA)." Fla. Stat. § 559.552.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. U.S. v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996). Legal Mediation Practice, Inc., previously sued in this district and elsewhere on the same practices alleged herein, systematically

deceives and abuses consumers, already victimized by Payday Lenders, and in so doing puts debt collectors who comply with the Fair Debt Collections Practices Act at a distinct competitive disadvantage. It is literally, not figuratively, the policy and practice of Legal Mediation Practice to violate the Fair Debt Collections Practices Act and the Florida Consumer Collection Practices Act.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiff Virginia Heiskill ("Ms. Heiskill") is a natural person who resides in the Commonwealth of Virginia. Ms. Heiskill is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Legal Mediation Practice, Inc. ("Legal Mediation Practice") is a Florida corporation, doing business at 1919 Blanding Boulevard, Suite 19, Jacksonville, Florida 32210. According to the Florida Department of State, the Registered Agent for Legal Mediation Practice is Duane C. Romanello, P.A., 1919-8 Blanding Boulevard, Jacksonville, Florida 32210. The principal purpose of its business is the collection of consumer debts.

5. Defendant John Doe, a/k/a "Darrell Green," is an employee of Legal Mediation Practice, Inc.

6. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. Beginning in June, 2008, Defendants attempted to collect a debt that Ms. Heiskill incurred with a Payday Lender, Allied Cash Advance.

8. The debt was for a Payday Loan, obtained through Allied Cash Advance, and was incurred primarily for personal, family, or household purposes, bringing Defendants' collection activities within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

9. On or about June 12, 2008, Legal Mediation Practice, though a "Darrell Green," telephoned Ms. Heiskill.

10. The call was to Ms. Heiskill's place of employment, Tappahannock Pharmacy.

11. The call was shortly before 9:00 in the morning.

12. Green told Ms. Heiskill that he was collecting a debt for Allied Cash Advance.

13. Green told Ms. Heiskill that she stole money from Allied Cash Advance.

14. Green told Ms. Heiskill that he would come to have her arrested in front of her employer if she did not pay $310.00 by 11:00 that morning.

15. Green demanded that Ms. Heiskill put her boss on the phone to discuss the matter.

16. Ms. Heiskill was scared to death.

17. Ms. Heiskill had never been arrested before.

18. Ms. Heiskill asked her boss if she could leave work to take care of some business.

19. She was afraid that if she could not come up with the money that Defendants demanded she was not going to return to work, because she did not want to be embarrassed or humiliated in front of everyone at the Pharmacy, where she has worked for years.

20. Ms. Heiskill called a friend and borrowed money from the friend to pay the money demanded by Defendants.

21. Ms. Heiskill then went to Wal Mart and sent a Money Gram to Legal Mediation Practice.

22. Exhibit A is a copy of the Money Gram.

23. Legal Mediation Practice sent Ms. Heiskill nothing in writing in its attempts to collect the debt.

24. Legal Mediation Practice did not give Ms. Heiskill the disclosure notice required by 15 U.S.C. § 1692e(11) when the debt collector called.

25. Legal Mediation Practice did not intend to go to the Tappahannock Pharmacy and have Ms. Heiskill arrested in front of her employer if she did not pay $310.00 by 11:00 that morning.

26. Legal Mediation Practice engages in a pattern and practice of the type of Payday Loan debt collection abuse to which it subjected Ms. Heiskill.

27. For example, Legal Mediation Practice management has directed its debt collectors to use the script attached hereto as Exhibit B when collecting on "loans made by check."

28. The script, among other things, directs Legal Mediation Practice debt collectors to threaten consumers that:

We will make the recommendation back to the client to:
1. have you dealt with either at your home or at your place of employment
…"

29. Despite having been sued on the use of the script and the use of threats to "deal with you in your home or on your job," Legal Mediation Practice has subjected Ms. Heiskill and

others in Virginia and elsewhere to this very kind of prohibited collection harassment and abuse. See for example the documents attached hereto collectively as Exhibit C, also available for viewing on PACER from the docket of the Southern District of Texas, Bennett v. Legal Mediation Practice, Inc., Civil Docket No. 4:06-cv-027222, Docket # 14.

30. Legal Mediation Practice was sued in this Court this past February for substantially the same kind of debt collector misconduct at issue in this case, in Carol Wessman v. Legal Mediation Practice, Inc., Civil Action No. 3:08cv111(RLW), a copy of the Complaint for that case being attached hereto as Exhibit D.

31. The natural consequence of Legal Mediation Practice's conduct was to harass, oppress, or abuse Ms. Heiskill.

32. Legal Mediation Practice persisted in using false, deceptive, or misleading representations or means in connection with the collection of a debt from Ms. Heiskill.

33. Legal Mediation Practice made false threats of the urgency of its demands to Ms. Heiskill, threats which have routinely been condemned by the courts, including, for example, this Court in Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411, 416 (E.D. Va. 1997); and Morgan v. Credit Adjustment Board, 999 F. Supp. 803, 808 (E.D.Va. 1998).

34. As a result of the acts and omissions of the Defendant, Ms. Heiskill has suffered actual damages and injury, including but not limited to, extreme fear, including the fear of arrest, severe stress, mental anguish and suffering, emotional distress, humiliation, and lost time.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

35. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692d, d(2), e, e(2)(a), e(5), e(10), e(11) and g.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.55, et seq.

36. The foregoing acts and omissions of Defendants constitute violations of the FCCPA, including, but not limited to, violations of §§ 559.72(2), (4), (7), (8), and (9).

37. Defendants each acted willfully, maliciously, and/or in conscious and reckless disregard of the rights of Ms. Heiskill so as to justify an award of punitive damages against them, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that Defendants violated the Fair Debt Collection Practices Act;

2. Declaratory relief that Defendants violated the Florida Consumer Collection Practices Act;

3. Equitable relief, including relief enjoining the Defendants from further violations of the Florida Consumer Collection Practices Act;

4. Award Plaintiff statutory damages against Defendants for their violations of the Fair Debt Collection Practices Act;

5. Award Plaintiff statutory damages against Defendants for their violations of the Florida Consumer Collection Practices Act;

6. Award Plaintiff actual damages against Defendants for their violations of the Fair Debt Collection Practices Act;

7. Award Plaintiff punitive damages against Defendants for their violations of the Florida Consumer Collection Practices Act;

8. Award Plaintiff reasonable attorneys' fees against Defendants for their violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act;

9. Award Plaintiff costs against Defendants for their violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act; and

10. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                      Respectfully submitted,
                                      Virginia Heiskill
                                      By Counsel

_____
Dale W. Pittman, VSB #15673
Attorney for Virginia Heiskill
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com